# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| George M. Vidra, | : | CIVIL NO: 4:14-CV-01132 |
| Plaintiff, | : | |
| | : | (Judge Brann) |
| v. | : | |
| | : | (Magistrate Judge Schwab) |
| Officer Mark Menke, *et al.*, | : | |
| Defendants. | : | |

## REPORT AND RECOMMENDATION

The plaintiff, George M. Vidra ("Vidra"), began this action by filing a complaint in the Commonwealth Court of Pennsylvania. One of the defendants—General Motors—removed the case to this Court. On June 18, 2014, this Court ordered that, within 21 days, the parties shall show cause, if there is any, why this case should not be transferred to the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1404(a). A determination of proper venue is now ripe for review. For the reasons stated herein, I recommend the transfer of this case to the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1404(a).

## I.     Background.

On March 12, 2014, Vidra filed a complaint in the Commonwealth Court of Pennsylvania. In his complaint, Vidra named as defendants Officer Mark Menke

("Menke"); Trooper Charles N. Burckhardt ("Burckhardt"); Carlos Vega, Esquire ("Vega"); Jennifer Beiber, Esquire ("Beiber"); Bridget McVan ("McVan"); James Latta ("Latta"); Joan Pescatore ("Pescatore"); Edward Seislove ("Seislove"); Lt. Raymond Murphy ("Murphy"); Matthew Domenic ("Domenic"); Gary Harrison ("Harrison"); Busch ("Busch"); General Motors Corporation and General Motors LLC (collectively "GM"); and Hertz Corporation and Hertz LLC (collectively "Hertz"). Vidra alleges state violations of Pennsylvania's Wiretap Act codified at 18 Pa.C.S. § 5701 *et seq.*, and his right to privacy under the Pennsylvania Constitution. Vidra further alleges federal violations under the Electronic Communications Privacy Act codified at 18 U.S.C. § 2510 *et seq.*, and violations of the United States Constitution. Vidra asserts these allegations against multiple local and state police officers and district attorneys, as well as GM and Hertz

Vidra's allegations arise from a motor vehicle accident that occurred in Philadelphia, Pennsylvania, which resulted in Vidra's arrest, conviction, and incarceration on DUI and homicide charges. Vidra avers that the named defendants caused private information to be unlawfully seized in order to prosecute him when the defendants confiscated various wireless devices in connection with the underlying motor vehicle accident. The alleged devices confiscated include the 2012 red Chevrolet Camaro manufactured by GM that Vidra rented from Hertz and Vidra's personal wireless telephone. *Doc. 1*.

In addition to the underlying motor vehicle accident that occurred in Philadelphia, Pennsylvania, which lies within the Eastern District of Pennsylvania, most of the named defendants appear to reside in or are employed in the Eastern District of Pennsylvania.[1] Furthermore, it appears that most, if not all, of the relevant evidence and witnesses will be found within the Eastern District of Pennsylvania. In fact, only Vidra, who resides at the State Correction Institution – Benner Township, is located within the Middle District of Pennsylvania.

On June 12, 2014, GM removed this case to the Middle District of Pennsylvania. On June 18, 2014, this Court ordered that, within 21 days, the parties shall show cause, if there is any, why this case should not be transferred to the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1404(a).

**II. Discussion.**

A complaint filed by a *pro se* litigant is to be liberally construed and held to a less stringent standard than a formal complaint drafted by a lawyer. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Nevertheless, *pro se* plaintiffs, such as Vidra, still have an obligation to ensure that their lawsuits meet the basic fundamentals of proper pleadings. One of

---

[1] GM lists its county of residence as Wayne County, Michigan. *Doc. 1*. Vidra lists GM's address as 300 Renaissance Ctr. Detroit, Michigan 48265. *Id.* Vidra also lists Hertz's address as 460 Headquarters Plaza Morristown, New Jersey 07960-6850. *Id.* It is unclear whether defendant Burckhardt lives or works in Philadelphia because all that is listed is that he is a Pennsylvania State Trooper. *Id.*

these basic rudiments of a valid civil complaint is that the complaint is filed in the proper court, which includes a court that has venue over the actions and parties which are the subject of the litigation.

In this case, in addition to his state law claims, Vidra alleges federal civil rights violations. In such cases, where alleged violations of the United States Constitution form the basis for the court's jurisdiction, 28 U.S.C. § 1391(b) defines the proper venue and provides that an action should:

> **(b) Venue in general.**--A civil action may be brought in--
>
> **(1)** a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> **(2)** a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> **(3)** if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

It is clear from the pleadings that "a substantial part of the events or omissions giving rise to [this] claim occurred" in Philadelphia, Pennsylvania. Furthermore, it appears that all of the defendants located within Pennsylvania reside in Philadelphia. Philadelphia, which is located Philadelphia County, lies within the venue of the Eastern District of Pennsylvania. *See* 28 U.S.C. § 118(a). Therefore, venue over this matter appears to lie in the United States District Court

for the Eastern District of Pennsylvania.

While an objection to venue may be waived by a defendant, this Court is permitted *sua sponte* to raise the issue of an apparent lack of venue, provided the court gives the plaintiff notice of its concerns and an opportunity to be heard on the issue. *See e.g., Stjernholm v. Peterson*, 83 F.3d 347, 349 (10th Cir. 1996) ("a district court may raise on its own motion an issue of defective venue or lack of personal jurisdiction; but the court may not dismiss without first giving the parties an opportunity to present their views on the issue."); *Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986). We have provided such notice to the plaintiff in this case. *See Doc. 5*.

After receiving such notice, *see Doc. 5*, Vidra initially appeared to agree that venue is proper in the Eastern District of Pennsylvania. In a document filed on June 26, 2014, Vidra states "[t]he state court action in this case involves incidents that occurred in the city and county of Philadelphia and forum conveniens lies in the Eastern District of Pennsylvania." *Doc. 7*. Vidra then requests this Court to deny GM's removal petition or transfer the case to the United States District Court for the Eastern District of Pennsylvania. *Id*. However, Vidra then contends that federal court jurisdiction is improper because, among other things, defendants have failed to properly remove this case to federal court. *See e.g.*, *Docs. 9, 10, 11, 14, 15,* and *16*. GM has neither contested venue nor responded to the show cause

order regarding venue issued by this Court on June 18, 2014. *Doc. 5.*

It is without dispute that "[t]he [federal] district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. 1331. Vidra has alleged, in addition to his state law claims, federal violations under the Electronic Communications Privacy Act codified at 18 U.S.C. § 2510 *et seq.*, and violations of the United States Constitution. Thus, jurisdiction in federal court is proper. In light of Vidra's admission that "forum conveniens lies in the Eastern District of Pennsylvania," *Doc. 7*, and his failure to object on venue grounds, venue appears to be proper in the Eastern District of Pennsylvania.

When it appears that a case has been brought in the wrong venue, there are two potential remedies available to the court. First, the court may dismiss the action for lack of venue pursuant to 28 U.S.C. § 1406, and Rule 12(b)(3) of the Federal Rules of Civil Procedure. However, the court may also, in the interest of justice, provide another form of relief, one which ensures that venue is proper without prejudicing the rights of any plaintiffs. Under 28 U.S.C. § 1406:

> **(a)** The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

28 U.S.C. § 1406(a).

Even though this case appears to have been brought in the wrong district,

triggering the application of 28 U.S.C. § 1406, it is not entirely clear that venue is improper in this Court.  Therefore, in an abundance of caution, the transfer of this case appears more appropriately authorized pursuant to 28 U.S.C. § 1404(a), which states:

> **(a)** For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.

28 U.S.C. § 1404(a).  Because it appears that all of the events or occasions leading to this action occurred within the Eastern District of Pennsylvania, and most of the evidence and witnesses are likewise similarly located, "[f]or the convenience of the parties," venue appears more appropriate in the United States District Court for the Eastern District of Pennsylvania.  This Court also takes notice of the plaintiff's rights.  In order to protect Vidra's rights as a *pro se* litigant, transfer to the United States District Court for the Eastern District of Pennsylvania for further proceedings avoids any unintended prejudice to Vidra which might flow from a dismissal of this action on venue grounds under 28 U.S.C § 1406(a).  *See Burnett v. New York Cent. R. Co.*, 380 U.S. 424, 430 (1965).  By transferring this case to the Eastern District of Pennsylvania, Vidra may still pursue his claims on the merits.  Thus, "in the interest of justice," this Court further recommends the transfer of this case to the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1404(a).

Along with the venue question, currently pending before this Court are GM and Hertz's individual motions to dismiss. *Docs. 3* and *12*. In addition, Vidra's motion for remand is also pending. *Doc. 14*. The resolution of these pending motions shall be reserved for the United States District Court for the Eastern District of Pennsylvania in accord with this recommendation.

### III. <u>Recommendation</u>.

Accordingly, for the foregoing reasons, **IT IS RECOMMENDED** that:

(1) This case be **Transferred** to the United States District Court for the Eastern District of Pennsylvania.

The Parties are further placed on notice to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive

further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Failure to file timely objections to the foregoing Report and Recommendation may constitute a waiver of any appellate rights.

Submitted this 17th day of October, 2014.

                                         ***S/ Susan E. Schwab***
                                         Susan E. Schwab
                                         United States Magistrate Judge